IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GLENN SCOTT YOW, )
)
       Petitioner, )
)
v. ) 1:13-CV-283
)
DANNY HAYES, )
)
       Respondent. )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

    This matter is before the Court on Glenn Scott Yow's 28 U.S.C. § 2254 petition. He contends that his Montgomery County Superior Court conviction for habitual impaired driving was obtained in violation of his constitutional rights. Respondent contends that the petition was not timely filed and is otherwise without merit. (*See* Doc. 5.) The Court finds that the petition was filed outside the one-year limitations period, and, thus, it must be dismissed.

    Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), a petitioner has one year in which to file a § 2254 petition, beginning from the date on which the criminal judgment became final. *Id.* § 2244(d)(1)(A). Mr. Yow filed a direct appeal of his conviction, which he withdrew on June 13, 2011. (Doc. 6-4 at 2); *see* N.C. Gen. Stat. § 15A-1450 (permitting withdrawal of criminal appeal by filing signed written notice with superior court clerk). Mr. Yow's case thus became final on June 13, 2011. *See, e.g.*, *Letlow v. Sabourin*, No. Civ. 01-0103(LBS), 2003 WL 21919430, at *2 (E.D.N.Y. Apr. 14, 2003) ("Direct review of [defendant's] conviction concluded when his appeal was withdrawn.").

Mr. Yow's one-year limitations period thus began on June 13, 2011, and ran for thirty-six days until he filed his first Motion for Appropriate Relief ("MAR") in state court on July 19, 2011. (*See* Doc. 6-5 at 2); *see Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). The period was tolled until the state court denied the MAR on August 4, 2011. (*See* Doc. 6-5.) Although Mr. Yow apparently mailed a copy of a certiorari petition to the North Carolina Attorney General's Office on September 21, 2011, (Doc. 6-6 at 5), he does not appear to have filed the petition in the Court of Appeals as required by North Carolina law. *See* N.C. R. App. P. 21(e) ("Petitions for writ of certiorari to review orders of the trial court denying motions for appropriate relief [in non-capital cases] shall be filed in and determined by the Court of Appeals."). Thus, this petition was improperly filed and cannot toll the one-year period of limitations. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (noting that a state post-conviction application is "properly filed" when it complies with state rules concerning form, time limits, and filing court and office).

Accordingly, Mr. Yow's one-year period resumed on August 5, 2011, and fully expired 329 days later on Friday, June 29, 2012. Mr. Yow did not place his petition in the prison mailing system until April 3, 2013, (Doc. 1 at 14); *see Houston v. Lack*, 487 U.S. 266, 275 (1988) (deeming prisoners' pleadings filed when they are delivered to prison authorities for mailing), well after the expiration of the one-year statute of limitations under the AEDPA.

Mr. Yow's second Motion for Appropriate Relief, initiated in October 2012, (Doc. 6-7) did not serve to toll the limitations period because it was initiated after its expiration. Subsequent motions or petitions cannot breathe new life into an already fully expired limitations period. *See* 28 U.S.C. § 2244(d)(2); *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000); *see also Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (declining to toll limitations period during

2

pendency of state post-conviction proceeding because it was not filed until after expiration of limitations period).

None of the statutory exceptions that would delay the one-year statute of limitations apply in this case. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Mr. Yow's sole claim for relief concerns alleged ineffective assistance of counsel. He contends that his attorney stipulated to the three prior convictions alleged in the habitual impaired driving indictment without first advising him of his rights and failed to inquire and object to the state's incorrect determination of his prior record level. Any such ineffective assistance of counsel would have been obvious at the time his attorney stipulated and failed to object, at the latest when the prior record level worksheet was submitted and Mr. Yow was sentenced on December 15, 2010. (Doc. 6-3 at 2.); *see* 28 U.S.C. § 2244(d)(1)(D) (calculating one-year period beginning on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); *Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008) (holding that time starts under § 2244(d)(1)(D) when inmate could have discovered counsel's allegedly deficient performance from public sources using due diligence). Thus, Mr. Yow is not entitled to a later limitations period commencement date on this ground.

Finally, Mr. Yow is not entitled to equitable tolling of the limitations period, as there were no extraordinary circumstances beyond his control that prevented from filing on time. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). In his petition, Mr. Yow attempts to excuse his untimely petition by stating that failure to review his claim would be a fundamental miscarriage of justice and that the factual or legal basis for his claim could not have been discovered earlier by the exercise of due diligence. Mr. Yow's conclusory miscarriage-of-justice contention is insufficient to excuse his untimely filing. As stated above, the factual predicate for Mr. Yow's

claim could have been discovered by the exercise of due diligence as early as his December 15, 2010, sentencing. As to his contention that he could not have discovered the legal basis for his claim earlier, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Because Mr. Yow's limitations period expired on June 29, 2012, and he is not entitled to equitable tolling, his April 3, 2013, § 2254 petition is untimely.

It is therefore **ORDERED** and **ADJUDGED** that Respondent's Motion for Summary Judgment, (Doc. 5), is **GRANTED** and the case is **DISMISSED** with prejudice. There being no substantial showing of the denial of a constitutional right, nor a debatable procedural ruling, a certificate of appealability shall not issue.

This the 3rd day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE